IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.  4:06-CR-00240-01-BRW
4:16-CV-00547-BRW

MICHAEL DANNY BRITTEN

### ORDER

Pending is Defendant's Motion to Vacate, Set Aside, or Correct Sentence based on *Johnson v. United States*[1] (Doc. No. 21). The Government has responded.[2] For the reasons set out below, the motion is GRANTED. Defendant's Motion for Bond (Doc. No. 24) is DENIED as MOOT.

**I.  BACKGROUND**

On November 17, 2006, Defendant pled guilty to being a felon in possession of a firearm.[3] On March 2, 2007, he was sentenced to 188 months in prison and 3 years supervised release.[4] Defendant's sentence was enhanced under the Armed Career Criminal Act ("ACCA") based on five prior convictions for residential burglary and two for commercial burglary.

---

[1] 135 S. Ct. 2551 (2015). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court ruled that *Johnson* could be applied retroactively.

[2] Doc. No. 25.

[3] Doc. No. 13.

[4] Doc. Nos. 16, 17.

1

## II.   DISCUSSION

Under the ACCA a defendant receives an increased sentence if he had three separate, previous convictions for "a violent felony or a serious drug offense, or both . . . ."[5]  "Violent felony" was defined, in part, as a felony that:

(i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[6]

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."  In *Johnson v. United States*,[7] the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and violated due process.

The Government concedes that Defendant's prior conviction for residential burglary before 1993 and commercial burglary are no longer "violent felonies" under the ACCA. Accordingly, the ACCA does not apply, because Defendant no longer has three prior qualifying convictions.

Without the ACCA enhancement, Defendant's total offense level is 15[8] and his criminal history category is VI.  This results in a guideline range of 41-51 months.

---

[5] 18 U.S.C. § 924(e)(1).

[6] 18 U.S.C. § 924(e)(2)(B).

[7] 135 S. Ct. at 2557.

[8] Defendant's base offense level is 14 under USSG § 2K2.1.  After a 4-point enhancement because a gun was possessed in connection with another felony, and a 3-point reduction for acceptance of responsibility, the total offense level is 15.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 44) is GRANTED. Under the Sentencing Reform Act of 1984, and considering provisions found in 18 U.S.C. § 3553, Defendant's sentence is reduced to 41 months. Supervised release is 3 years. All other conditions from the original judgment remain the same.[9]

Defendant's Motion for Bond (Doc. No. 24) is DENIED as MOOT.

IT IS SO ORDERED this 16th day of August, 2016.

    /s/ Billy Roy Wilson
    UNITED STATES DISTRICT JUDGE

---

[9] Doc. No. 17.